UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADRIAN AUSTIN,             )
                           )
       Petitioner,         )
                           )   CAUSE NO. 3:17-CV-70-RLM-MGG
    v.                     )
                           )
SUPERINTENDENT,            )
                           )
       Respondent.         )

## OPINION AND ORDER

Adrian Austin, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing in which a disciplinary hearing officer found him guilty of assaulting a staff member in violation of Indiana Department of Correction policy A-117. On administrative appeal, Mr. Austin's charge was amended to the lesser offense of B-212. Mr. Austin was sanctioned with the loss of 45 days earned credit time.

Mr. Austin argues that the hearing officer didn't have enough evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's

decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC B-212 by "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Mr. Austin as follows:

> On 1-24-2016 approx 1615 I Ofc Johnson was conducting a secure round. As I was exiting the north side of C2 I observed what appears to (sic) homemade hooch in blue rubber maid tote in the corner of the room. As I Ofc Johnson turned to secure room offender Austin Adrian #193554 aggressively grabbed the bag of self made hooch. I Ofc Johnson grabbed of (sic) hooch offend (sic) Austin then struck me in the chest with his left hand closed fist.

ECF 8-1.

The hearing officer had sufficient evidence to find Mr. Austin guilty of violating B-212. A conduct report alone can be enough evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. That's the case here. The reporting officer provided the DHO with a first-hand account of Mr. Austin punching him in the chest. Mr. Austin denied the charge and claimed that the reporting officer lied. It was the role of the hearing officer, not this court, to weigh the credibility of the conflicting accounts. It wasn't unreasonable for the hearing officer to weigh the evidence in favor of the reporting officer.

Mr. Austin argues that he shouldn't have been found guilty of the A-117 offense because the officer didn't sustain serious bodily injury. He argues instead that, to the extent he should have been found guilty at all, he should have been found guilty of the lesser offense of B-212. This is a moot argument. Mr. Austin already successfully presented this argument during his administrative appeals, and his charge was reduced to a B-212 violation. A modification of the disciplinary charges during an administrative appeal doesn't violate a prisoner's due process rights so long as the amended charge relies on the same underlying factual allegations charged in the Conduct Report. Salazar v. Wilson, 498 F. App'x 600, 603 (7th Cir. 2012) ("The modification did not violate Salazar's right to due process; the additional charge relies on the same evidence introduced at the disciplinary hearing and Salazar's defense applied equally to both charges"); Northern v. Hanks, 326 F.3d 909, 911 (7th Cir.2003) (inmate was not denied due process by substitution of different charge during administrative appeal because

investigative report given to inmate before disciplinary hearing placed him on notice that he could be subject to additional charge). Therefore, Mr. Austin is not entitled to habeas corpus relief.

For the reasons set forth above, the court DENIES the petition (ECF 1), and DIRECTS the clerk to enter judgment accordingly.

SO ORDERED.

ENTERED: August 21, 2017.    /s/ Robert L. Miller, Jr.
Judge
United States District Court